(50 Misc. Rep. 212.)

## In re SLATTERY.

(Supreme Court, Special Term, New York County. April, 1906.)

ELECTIONS—OPENING BALLOT BOXES—CONTEST.

Petitioner applied for an order to open certain ballot boxes containing the ballots cast in an election district for alderman, on an allegation that more votes were cast than were counted, and produced an affidavit of an alleged accountant setting forth discrepancies. On inspection the discrepancies were shown not to exist except in a single case, and the ballot clerk's returns agreed with the statement of the canvass, except in the single district mentioned, in which an error was made in transcribing the result, in that there was a statement that there were 19 blank ballots, when as a matter of fact there were but 3. *Held* that, on consent by the respondent to have the mistake corrected, the application will be denied.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Elections, § 306.]

Application of Hubert Slattery for an order that certain ballot boxes in the Thirtieth aldermanic district be opened. Motion denied.

Clarence J. Shearn, for the motion.

Charles H. Knox, L. Laflin Kellogg, John T. Dooling, for respondent McCall.

John J. Delaney, Corp. Counsel, and Arthur C. Butts, for board of of elections of New York.

GREENBAUM, J. It seems to me an entirely superfluous effort to consider the legal questions argued by the relator, in view of the fact that, from the papers submitted to me by the petitioner, he presents a case devoid of any merit. The petitioner seeks to obtain an order to open certain ballot boxes, containing the ballots cast at the election held in the city of New York in the Thirtieth aldermanic district, and to permit an inspection of the ballots in said boxes in a pending contest between the petitioner and one John T. McCall before the committee on privileges and elections of the board of aldermen of the city of New York for the seat of alderman for said district. The petitioner alleges as a ground for the relief asked that:

"The sum of the total votes cast for the candidates for office of alderman, together with the number of ballots not wholly blank on which no vote was counted for that office, the number of wholly blank and the total number of void ballots, and the votes cast, if any, for candidates for such office whose names were not printed upon the ballots, did not, as deponent is informed and believes, equal the number of ballots voted in said election districts; and there was in each of said districts a miscount of the votes for said office."

The sources of the petitioner's belief as to the existence of the alleged variances is the affidavit of one George L. Wallace, an alleged expert accountant, whose affidavit is annexed. The affidavit of Wallace stated that he examined the original tally-sheets and the ballot clerks' returns of the ballots voted in 10 mentioned election districts, and he appends, as a result of said examination, a statement showing the totals on the tally sheets and ballot clerks' returns, respectively, with an apparent showing of discrepancies in each of said districts. As the original tally sheets, ballot clerks' returns, and original return statements of canvass have been submitted to me, I have personally verified the figures in these official documents, and I find the tabulation presented by said Wallace to be misleading and incorrect.

The respondent's counsel has presented an affidavit setting forth figures and data that appear to coincide with the original returns, from which it is conclusively shown that, with the exception of the returns of the Ninth district, to which reference will presently be made, there is no discrepancy between the ballot clerks' returns and the tally sheets, where the latter have been footed up as required by law; and, where not so footed, the totals are found to agree by simple addition with the totals on the ballot clerks' returns and the statement of the canvass. A few glaring instances of the absolute unreliability of the expert's tabulation will be cited. In the Fourth election district he gives the total of the ballot clerks' returns as 338, whereas the original shows the true figure to be 388. In the same district he states the total vote shown by the tally sheet as 332, whereas the original shows the total number of ballots accounted for as 388. In the Sixth district he gives a total of 364 on the tally sheets, instead of 372, which corresponds with the ballot clerks' returns. In the Eighteenth district he states the total number of ballots as 832, instead of 422, the total also shown by the ballot clerks' returns. The error last noted is so manifestly reckless, in view of the ballot clerks' statement that only 700 ballots were sent to this district, that it is unnecessary specifically to refer to the other districts.

An inspection of the documents discloses a peculiar and an interesting condition of affairs with respect to many tally sheets, which would tend to show the unreliability of a comparison of the tally sheets and the ballot clerks' returns. The tally sheets, being the first or original entries, and being apparently more or less complicated to the average poll clerk whose duty it is to keep them, give evidence of errors corrected and in many cases a failure to fill out the spaces provided in the forms, to wit, the total number of ballots not wholly blank, the number of wholly blank ballots, the number of void ballots, and the total number of ballots accounted for. The statements of canvass prepared by the board of inspectors under the election law (Laws 1896, p. 961, c. 909, § 110, subd. 3) appear, in the cases presented, to be more intelligently prepared; and, as these statements are by law presumptive evidence of the result of the canvass, it is evident that a comparison of the ballot clerks' returns with these statements is a safer and more reliable test than a comparison with the carelessly prepared tally sheets. Unless the tally sheet appears upon its face to have been kept in the

manner provided by law, it is entitled to slight consideration as evidence.

But it clearly appears in the case, upon a comparison of the original tally sheets, ballot clerks' returns and statement of canvass, that the discrepancies alleged do not in fact exist. In the Ninth district it is conceded that the inspectors and poll clerks made a mistake, not in counting the ballots, but in transcribing the result, and that, instead of 19 blank ballots, there were only 3. The mistake was discovered after the police returns had been made out and sent to the police station; and, the inspectors fearing, as it is shown, that they would get into trouble if they then corrected the returns, they permitted the error to remain. It should in fairness be stated that the chairman of the board of inspectors was of the party upon whose ticket the relator was a candidate, and that the mistake was promptly communicated to the headquarters of that party to which relator belonged. The respondent consents to have the returns in this district corrected in accordance with the testimony of the inspectors.

In view of this concession, of the altogether unreliable character of the petitioner's proofs, and of the absence of any extraneous evidence of the incorrectness of the returns, the application must be denied.

Application denied.